TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JULIE J. SHEMITZ (Cal. Bar No. 224093)
Assistant United States Attorney
International Narcotics, Money Laundering, and Racketeering Section
    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-5735
    Facsimile: (213) 894-0142
    Cellphone: (213) 500-9369
    E-mail:   julie.shemitz@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 21-00443-PA |
|---|---|
| Plaintiff, | <u>PLEA AGREEMENT FOR DEFENDANT TIMOTHY CORNELL PATTERSON</u> |
| v. | |
| TIMOTHY CORNELL PATTERSON, | |
| Defendant. | |

1.   This constitutes the plea agreement between Timothy Cornell Patterson ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authority.

<u>DEFENDANT'S OBLIGATIONS</u>

2.   Defendant agrees to:

    a.   At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to the single-count indictment in <u>United States v. Patterson</u>, CR No. 21-00443-PA, which

1  charges defendant with being a felon in possession of a firearm and
2  ammunition in violation of 18 U.S.C. § 922(g)(1).
3      b.   Agree that all court appearances, including his change
4  of plea hearing and sentencing hearing, may proceed by video-
5  teleconference ("VTC") or telephone, if VTC is not reasonably
6  available, so long as such appearances are authorized by General
7  Order 20-097 or another order, rule, or statute.  Defendant
8  understands that, under the Constitution, the United States Code, the
9  Federal Rules of Criminal Procedure (including Rules 11, 32, and 43),
10 he may have the right to be physically present at these hearings.
11 Defendant understands that right and, after consulting with counsel,
12 voluntarily agrees to waive it and to proceed remotely.  Defense
13 counsel also joins in this consent, agreement, and waiver.
14 Specifically, this agreement includes, but is not limited to, the
15 following:
16         i.   Defendant consents under Section 15002(b) of the
17 CARES Act to proceed with his change of plea hearing by VTC or
18 telephone, if VTC is not reasonably available.
19         ii.  Defendant consents under Section 15002(b) of the
20 CARES Act to proceed with his sentencing hearing by VTC or telephone,
21 if VTC is not reasonably available.
22     c.   Defendant consents under 18 U.S.C. § 3148 and Section
23 15002(b) of the CARES Act to proceed with any hearing regarding
24 alleged violations of the conditions of pre-trial release by VTC or
25 telephone, if VTC is not reasonably available.
26     d.   Not contest facts agreed to in this agreement.
27     e.   Abide by all agreements regarding sentencing contained
28 in this agreement.

      f.  Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

      g.  Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

      h.  Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

      i.  Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessment.

3. Defendant further agrees:

      a.  To forfeit all right, title, and interest in and to any and all monies, properties, and/or assets of any kind, derived from or acquired as a result of, or involved in the illegal activity to which defendant is pleading guilty, specifically including, but not limited to, the following (collectively, the "Forfeitable Assets"):

          i.  One Glock Model 26 Gen 4, 9mm caliber pistol bearing serial number UFN731; and

          ii.  approximately 16 rounds of Speer Luger 9mm caliber ammunition.

      b.  To the Court's entry of an order of forfeiture at or before sentencing with respect to the Forfeitable Assets and to the forfeiture of the assets.

      c.  To take whatever steps are necessary to pass to the United States clear title to the Forfeitable Assets, including,

without limitation, the execution of a consent decree of forfeiture and the completing of any other legal documents required for the transfer of title to the United States.

        d.   Not to contest any administrative forfeiture proceedings or civil judicial proceedings commenced against the Forfeitable Assets. If defendant submitted a claim and/or petition for remission for all or part of the Forfeitable Assets on behalf of himself or any other individual or entity, defendant shall and hereby does withdraw any such claims or petitions, and further agrees to waive any right he may have to seek remission or mitigation of the forfeiture of the Forfeitable Assets.

        e.   Not to assist any other individual in any effort falsely to contest the forfeiture of the Forfeitable Assets.

        f.   Not to claim that reasonable cause to seize the Forfeitable Assets was lacking.

        g.   To prevent the transfer, sale, destruction, or loss of any and all assets described above to the extent defendant has the ability to do so.

        h.   That forfeiture of Forfeitable Assets shall not be counted toward satisfaction of any special assessment, fine, restitution, costs, or other penalty the Court may impose.

## THE USAO'S OBLIGATIONS

4.   The USAO agrees to:

        a.   Not contest facts agreed to in this agreement.

        b.   Abide by all agreements regarding sentencing contained in this agreement.

        c.   At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to

4

and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1.

    d.  At the time of sentencing, recommend that the Court apply a two-level downward variance pursuant to 18 U.S.C. § 3553(a).

## NATURE OF THE OFFENSE

5.  Defendant understands that for defendant to be guilty of the crime charged in the single-count Indictment, that is, being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1), the following must be true: (1) defendant knowingly possessed a firearm or ammunition; (2) the firearm or ammunition had been transported from one state to another or between a foreign nation and the United States; and, (3) at the time defendant possessed the firearm or ammunition, defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year.

## PENALTIES

6.  Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 18 U.S.C. § 922(g)(1) is: 10 years' imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

7.  The Court will also order forfeiture of the property listed in the single-count Indictment pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), or substitute assets up to the value of that property.

8. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

9. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

10. Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States. Defendant may also be denied United States citizenship and admission to the United States in the future.

Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty if the defendant is not a United States citizen.  Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his conviction on his immigration status.  Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

                            FACTUAL BASIS

     11.  Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 13 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

     On or about January 29, 2021 in Los Angeles County, within the Central District of California, defendant knowingly possessed: (1) a Glock Model 26 Gen 4, 9mm caliber pistol bearing serial number UFN731; and (2) approximately 16 rounds of Speer 9mm caliber Luger ammunition underneath the driver's seat of his Mercedes-Benz bearing California license plate 8MMV115, which defendant was driving in Culver City, California.  The Glock pistol was manufactured outside

the State of California, specifically either internationally or in Georgia, and therefore had been transported between a foreign nation and the United States or from another state into California when the pistol was found in defendant's possession.  All of the ammunition was manufactured outside the State of California, specifically in either Idaho or Minnesota, and therefore had been transported from another state into California at the time the ammunition was found in defendant's possession.

In addition, at the time defendant knowingly possessed the firearm and ammunition, he had been convicted of the following felony offenses, each punishable by a term of imprisonment exceeding one year: (1) Possession of Firearm by Convicted Felon, in violation of California Penal Code Section 29800(a)(1), in the Superior Court of the State of California, County of Sacramento, case number 14F01995, on or about November 24, 2014; (2) Carrying a Loaded Firearm, in violation of California Penal Code Section 12031(a), in the Superior Court of the State of California, County of Sacramento, case number 08F09028, on or about January 28, 2009; (3) Sale of Marijuana, in violation of California Health and Safety Code Section 11360(a), in the Superior Court of the State of California, County of Sacramento, case number 05F10640, on or about February 3, 2006; and (4) Possession of Marijuana for Sale, in violation of California Health and Safety Code Section 11359, in the Superior Court of the State of California, County of Sacramento, case number 05F10640, on or about February 3, 2006.  At the time defendant knowingly possessed the firearm and ammunition, defendant knew that he had been convicted of each of these offenses and that each offense was punishable by a term of imprisonment exceeding one year.

SENTENCING FACTORS

12. Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

13. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

    Base Offense Level:           14    U.S.S.G. § 2K2.1(a)(6)(A)

Defendant and the USAO further reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate. Defendant understands that defendant's offense level could be increased if defendant is a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2. If defendant's offense level is so altered, defendant and the USAO will not be bound by the agreement to Sentencing Guideline factors set forth above.

14. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

15. Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing

Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

## WAIVER OF CONSTITUTIONAL RIGHTS

16. Defendant understands that by pleading guilty, defendant gives up the following rights:

    a. The right to persist in a plea of not guilty.

    b. The right to a speedy and public trial by jury.

    c. The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

    d. The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

    e. The right to confront and cross-examine witnesses against defendant.

    f. The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

    g. The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

    h. Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## WAIVER OF APPEAL OF CONVICTION

17.  Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

18.  Defendant agrees that, provided the Court imposes a term of imprisonment within or below the range corresponding to an offense level of 10 and the criminal history category calculated by the Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

19. The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment within or above the range corresponding to an offense level of 10 and the criminal history category calculated by the Court, the USAO gives up its right to appeal any portion of the sentence.

## WAIVER OF COLLATERAL ATTACK

20. Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

21. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then the USAO will be relieved of all of its obligations under this agreement.

EFFECTIVE DATE OF AGREEMENT

22. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

BREACH OF AGREEMENT

23. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

24. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

25. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information

13

to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 13 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

26.  Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## NO ADDITIONAL AGREEMENTS

27.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional

14

promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

28. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

TRACY L. WILKISON
United States Attorney

*Julie J. Shemitz*          1/14/2022
JULIE J. SHEMITZ          Date
Assistant United States Attorney

/s/                           1/14/22
TIMOTHY CORNELL PATTERSON      Date
Defendant

/s/                           1/14/22
STANLEY I. GREENBERG          Date
EUGENE PAUL HANRAHAN
Attorneys for Defendant TIMOTHY
CORNELL PATTERSON

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney(s). I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney(s), and my attorney(s) has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

15

provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney(s) in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____  1/14/22
TIMOTHY CORNELL PATTERSON          Date
Defendant

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am Timothy Cornell Patterson's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set

///
///
///
///

forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____   1/14/22
STANLEY I. GREENBERG             Date
EUGENE PAUL HANRAHAN
Attorney for Defendant TIMOTHY
CORNELL PATTERSON

17