TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JULIE J. SHEMITZ (Cal. Bar No. 224093)
Assistant United States Attorney
International Narcotics, Money Laundering, and Racketeering Section
    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-5735
    Facsimile: (213) 894-0142
    Cellphone: (213) 500-9369
    E-mail:   julie.shemitz@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 21-443-PA |
|---|---|
| Plaintiff, | ORDER SETTING FORTH FACTUAL FINDINGS PURSUANT TO THE CARES ACT |
| v. | |
| TIMOTHY CORNELL PATTERSON, | |
| Defendant. | |

    The Court, having read and considered the parties' stipulated request for an order setting forth factual findings regarding the need to proceed by video teleconference or telephonic hearing in this case, hereby makes the following factual findings:

    (1)  In March 2020, the President of the United States and the Governor of California issued proclamations declaring emergencies in response to the COVID-19 pandemic.

    (2)  On March 27, 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), which authorized the

1

Judicial Conference of the United States to provide authority to Chief District Judges to permit certain criminal proceedings to be conducted by video or telephonic conference.

(3)   Under § 15002(b) of the CARES Act, "if the Judicial Conference of the United States finds that emergency conditions due to the national emergency declared by the President under the National Emergencies Act (50 U.S.C. 1601 et seq.) with respect to the Coronavirus Disease 2019 (COVID-19) will materially affect the functioning of either the Federal courts generally or a particular district court of the United States, the chief judge of a district court . . . specifically finds, upon application of the Attorney General or the designee of the Attorney General, or on motion of the judge or justice, that felony pleas under Rule 11 of the Federal Rules of Criminal Procedure and felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted in person without seriously jeopardizing public health and safety, and the district judge in a particular case finds for specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice, the plea or sentencing in that case may be conducted by video teleconference, or by telephone conference if video teleconferencing is not reasonably available."

(4)   On March 29, 2020, the Judicial Conference of the United States made the appropriate findings as required under the CARES Act, finding specifically that "emergency conditions due to the national emergency declared by the President under the National Emergencies Act (50 U.S.C. § 1601, et seq.) with respect to the Coronavirus Disease 2019 (COVID-19) have materially affected and will materially affect the functioning of the federal courts generally."

  (5) On March 29, 2020, the Chief Judge of this District also made the appropriate findings as required under the CARES Act, finding "that felony pleas under Rule 11 of the Federal Rules of Criminal Procedure and felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted in person without seriously jeopardizing public health and safety. As a result, if judges in individual cases find, for specific reasons, that felony pleas or sentencings in those cases cannot be further delayed without serious harm to the interests of justice, judges may, with the consent of the defendant or the juvenile after consultation with counsel, conduct those proceedings by video conference, or by telephonic conference if video conferencing is not reasonably available." C.D. Cal. Order of the Chief Judge No. 20-043, In Re: Coronavirus Public Emergency, Use of Video and Telephonic Conference Technology in Certain Criminal Proceedings, at 3 (Mar. 29, 2020).

  (6) The Chief Judge's findings and authorizations have been extended several times, most recently on January 3, 2022.

  (7) Through this order, I now find that the change-of-plea hearing in this case cannot be further delayed without serious harm to the interests of justice. My specific reasons are as follows:

    a. From March 2020 through June 2020 and from December 2020 through January 2021, the Central District of California was operating under its Continuity of Operations ("COOP") Plan. That plan closed courthouses in this district to the public except for hearings on criminal duty matters.

    b. In April 2020, the Judicial Council of the Ninth Circuit declared a judicial emergency in this District pursuant to 18 U.S.C. § 3174(d). The Judicial Council recognized that the Central

3

District of California is one of the busiest judicial districts in the country and the exceptionally large number of cases pending in this District represents an emergency. This District is authorized 27 permanent judgeships and one temporary judgeship, but has six vacancies.

      c. From March 2020 through May 2021, the Central District of California suspended jury trials to protect public health. Jury trials resumed in the Southern Division on May 10, 2021 and in the Eastern and Western Divisions on June 7, 2021. The resumption of jury trials was initially accompanied by safety protocols limiting the number of trials that could be conducted simultaneously.

      d. The COVID-19 pandemic has contributed to a very substantial backlog of criminal hearings and trials in the Central District of California. In addition, in-person hearings continue to present health and safety risks. Many parties, including defendants, counsel, and court staff, are unable or unwilling to attend in-person hearings due to legitimate safety concerns. Many members of the public remain unvaccinated. And transporting detained defendants to hearings may risk the spread of COVID-19 within detention facilities, and result in defendants being subject to quarantines.

      e. Given these facts, it is essential that judges in this District continue to resolve as many matters as possible via video teleconference and telephonic hearing. Holding these hearings remotely facilitates public safety and reduces the backlog of criminal and civil matters.

  (8) I therefore conclude that the change-of-plea hearing in this case cannot be further delayed without serious harm to the interests of justice. If the Court were to delay this hearing until

4

it can be held in-person, it would only add to the backlog of criminal and civil matters facing this Court, and every Judge in this District.

(9) The defendant consents to proceed with his change-of-plea hearing by video teleconference or by telephonic hearing if video teleconference is not reasonably available. Defendant also understands that, under Federal Rules of Criminal Procedure 32 and 43, as well as the Constitution, he may have the right to be physically present at this hearing. Defendant understands that right and voluntarily agrees to waive it and to proceed remotely by video teleconference or telephonic hearing. Counsel joins in this consent, agreement, and waiver.

(10) Based on the findings above, and my authority under § 15002(b) of the CARES Act, the change-of-plea hearing in this case will be conducted on January 20, 2022 at 3:00 p.m. by video teleconference, or by telephone if video teleconference is not reasonably available. At the outset of the hearing, defendant must make a knowing and voluntary waiver of his right to an in-person hearing in order to proceed via video teleconference or telephonically.

IT IS SO ORDERED.

January 19, 2022
DATE

PERCY ANDERSON
UNITED STATES DISTRICT JUDGE

Presented by:

       /s/
JULIE J. SHEMITZ
Assistant United States Attorney

5