TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JULIE J. SHEMITZ (Cal. Bar No. 224093)
Assistant United States Attorney
International Narcotics, Money Laundering, and Racketeering Section
    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-5735
    Facsimile: (213) 894-0142
    Cellphone: (213) 500-9369
    E-mail:   julie.shemitz@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>TIMOTHY CORNELL PATTERSON,<br><br>        Defendant. | No. 21-00443-PA<br><br>GOVERNMENT'S RESPONSE TO PRESENTENCE INVESTIGATION REPORT AND SENTENCING POSITION FOR DEFENDANT ENRIQUE GUZMAN ROMERO<br><br>Sentencing Date: April 25, 2022<br>Sentencing Time: 11:00 a.m.<br>Location: Courtroom of the Hon. Percy Anderson |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Julie J. Shemitz, hereby files its response to the Presentence Investigation Report and sentencing position regarding defendant TIMOTHY CORNELL PATTERSON ("defendant").

    The government's sentencing position is based upon the attached memorandum of points and authorities, the files and records in this case, the Presentence Investigation Report, and any other evidence or

argument that the Court may wish to consider at the time of sentencing.

Dated: April 18, 2022

Respectfully submitted,

TRACY L. WILKISON
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

      /s/
JULIE J. SHEMITZ
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

On January 20, 2022, defendant TIMOTHY CORNELL PATTERSON ("defendant") pleaded guilty to the one-count indictment in this case, which charged him with a violation of 18 U.S.C. § 922(g), being a felon in possession of a firearm.  The charge carries a maximum sentence of ten years' imprisonment, a fine of $250,000, and a three-year period of supervised release.

On March 21, 2022, the United States Probation Office filed its Presentence Investigation Report ("PSR"), in which it calculated a total offense level of 12 and determined that defendant falls within Criminal History Category III.  The government agrees with the PSR's offense level and criminal history category calculations, but respectfully disagrees with the Probation Department's recommended sentence as set forth below.

**II.  STATEMENT OF FACTS**

Defendant admitted the following facts in the plea agreement and during his change of plea hearing:

On or about January 29, 2021 in Los Angeles County, within the Central District of California, defendant knowingly possessed: (1) a Glock Model 26 Gen 4, 9mm caliber pistol bearing serial number UFN731; and (2) approximately 16 rounds of Speer 9mm caliber Luger ammunition underneath the driver's seat of his Mercedes-Benz bearing California license plate 8MMV115, which defendant was driving in Culver City, California. The Glock pistol was manufactured outside the State of California, specifically either internationally or in Georgia, and therefore had been transported between a foreign nation and the United States or from another state into California when the

pistol was found in defendant's possession. All of the ammunition was manufactured outside the State of California, specifically in either Idaho or Minnesota, and therefore had been transported from another state into California at the time the ammunition was found in defendant's possession.

In addition, at the time defendant knowingly possessed the firearm and ammunition, he had been convicted of the following felony offenses, each punishable by a term of imprisonment exceeding one year: (1) Possession of Firearm by Convicted Felon, in violation of California Penal Code Section 29800(a)(1), in the Superior Court of the State of California, County of Sacramento, case number 14F01995, on or about November 24, 2014; (2) Carrying a Loaded Firearm, in violation of California Penal Code Section 12031(a), in the Superior Court of the State of California, County of Sacramento, case number 08F09028, on or about January 28, 2009; (3) Sale of Marijuana, in violation of California Health and Safety Code Section 11360(a), in the Superior Court of the State of California, County of Sacramento, case number 05F10640, on or about February 3, 2006; and (4) Possession of Marijuana for Sale, in violation of California Health and Safety Code Section 11359, in the Superior Court of the State of California, County of Sacramento, case number 05F10640, on or about February 3, 2006. At the time defendant knowingly possessed the firearm and ammunition, defendant knew that he had been convicted of each of these offenses and that each offense was punishable by a term of imprisonment exceeding one year.

Applying the November 1, 2021 Guidelines, the PSR calculated defendant's total offense level as 12. This offense level resulted from the following calculation:

- a base offense level of 14 pursuant to U.S.S.G § 2K2.1; and,
- a two-level reduction for acceptance of responsibility.

(PSR ¶¶ 18-25.)

The PSR recommends a fine of $55,000, in accordance with defendant's clear ability to pay (PSR ¶¶ 84-95, 106). In addition, the PSR calculated that defendant's criminal history results in four criminal history points and a criminal history category of III.

The government concurs with the PSR's offense level and criminal history determinations. Accordingly, the advisory guidelines range is 15 to 21 months' imprisonment.

**III. ANALYSIS OF THE SECTION 3553(a) FACTORS**

In accordance with the provisions of the plea agreement, the United States recommends that defendant be given an additional two-level downward variance in the sentencing guidelines range due to his service to the community as described in defendant's sentencing position and its attachments. This would result in a sentencing guidelines level of ten, and an advisory range of ten to 16 months' imprisonment. Therefore, the government recommends that defendant be sentenced to ten months' imprisonment, the low end of the guidelines range resulting from the application of the two-level downward variance, followed by three years of supervised release, a fine of $55,000, as recommended in the PSR based upon defendant's ability to pay, and payment of the special assessment of $100. This sentence is appropriate within the meaning of 18 U.S.C. § 3553(a), and would be "sufficient, but not greater than necessary," to comply with the purposes enumerated in 18 U.S.C. § 3553(a)(2).

The nature and circumstances of the crime of conviction and the need to reflect the seriousness of the offense warrant a custodial sentence. Defendant has twice previously been convicted of the offense for which he now faces sentencing. Defendant appears not to understand that, as a previously-convicted felon, he is prohibited by law from possessing a firearm, regardless of whatever risks his profession may entail. He has so far served little time in custody for these repeated offenses and it is clear that only a custodial sentence will carry the message to both the defendant and to the public that this crime is serious, and the prohibition against possessing a firearm is just that – a prohibition.

Defendant's history and characteristics, and, in particular, his voluntary service to the community, also support the government's recommended sentence. Defendant has sponsored several community events and has donated his time and funds to support giveaways to community members. This is laudable but does not serve to exonerate defendant of responsibility for the crime to which violation he has pleaded guilty. Nor does his background or upbringing. As has been made clear in defendant's submissions and in the Presentence Report, defendant was raised and cared for in a loving, supportive home by his grandmother, and cannot point to deprivation as a reason for continuing to violate the clear strictures resulting from his prior convictions. Rather, defendant must serve some time in custody to impress upon him the seriousness of the prohibition against possessing a firearm.

Defendant does admit to a history of drug abuse and an inability to maintain long-term sobriety. (PSR ¶¶ 72-75). He apparently only stopped using marijuana because of the instant arrest and does not

believe that he needs treatment despite his admitted long-term frequent use. In fact, he was not able to stay off marijuana while on pre-trial release, as evidenced by his confirmed December 15, 2021 positive drug test. The government submits that, given defendant's history of drug abuse from a young age (PSR ¶ 74), a program of treatment and counseling for defendant's addiction is most definitely needed, and that the criminal justice system owes it to defendant to provide for his needs in this regard in accordance with § 3553(a)(2)(D), which provides that the Court in imposing sentence must consider the needs of the defendant for training, education, and/or medical treatment. A period of custody coupled with the recommended three-year period of supervision will facilitate defendant's continued sobriety and ability to participate in appropriate treatment programs.

On balance, the government submits that its recommended sentence of ten months' imprisonment at the low-end of the Guidelines range that results from the application of a two-point downward variance in consideration of defendant's community service, and the recommended fine of $55,000, takes into account any mitigating factors, while also taking into account the seriousness of the offense, the need to protect the public from further crimes of defendant, and the need to deter defendant from continuing to violate the prohibition against his possession of a firearm. The government's recommendation of three years of supervised release accords with the need to provide ongoing supervision to ensure that his drug treatment and rehabilitation are successful and defendant does not commit the same crime again. The government's recommended sentence would also

promote respect for the law and provide just punishment for defendant's conduct.

## IV. CONCLUSION

For all the foregoing reasons, the government submits that the factors set forth in 18 U.S.C. § 3553(a) support the imposition of a sentence of 10 months' imprisonment, a three-year term of supervised release, a fine of $55,000, and a mandatory special assessment of $100.