1   TRACY L. WILKISON
    United States Attorney
2   SCOTT M. GARRINGER
    Assistant United States Attorney
3   Chief, Criminal Division
    JULIE J. SHEMITZ (Cal. Bar No. 224093)
4   Assistant United States Attorney
    International Narcotics, Money Laundering, and Racketeering Section
5       1400 United States Courthouse
        312 North Spring Street
6       Los Angeles, California 90012
        Telephone: (213) 894-5735
7       Facsimile: (213) 894-0142
        Cellphone: (213) 500-9369
8       E-mail:    julie.shemitz@usdoj.gov

9   Attorneys for Plaintiff
    UNITED STATES OF AMERICA
10
                      UNITED STATES DISTRICT COURT
11
                 FOR THE CENTRAL DISTRICT OF CALIFORNIA
12
    UNITED STATES OF AMERICA,          No. 21-00443-PA
13
              Plaintiff,               AMENDED GOVERNMENT'S RESPONSE TO
14                                      PRESENTENCE INVESTIGATION REPORT
                  v.                    AND SENTENCING POSITION FOR
15                                      DEFENDANT TIMOTHY CORNELL
    TIMOTHY CORNELL PATTERSON,          PATTERSON
16
              Defendant.
17                                      Sentencing Date: April 25, 2022
                                        Sentencing Time: 11:00 a.m.
18                                      Location: Courtroom of the Hon.
                                        Percy Anderson
19

20       Plaintiff United States of America, by and through its counsel

21  of record, the United States Attorney for the Central District of

22  California and Assistant United States Attorney Julie J. Shemitz,

23  hereby files its response to the Presentence Investigation Report and

24  sentencing position regarding defendant TIMOTHY CORNELL PATTERSON

25  ("defendant").

26       The government's sentencing position is based upon the attached

27  memorandum of points and authorities, the files and records in this

28  case, the Presentence Investigation Report, and any other evidence or

1 | argument that the Court may wish to consider at the time of

2 | sentencing.

3

4 | Dated: April 18, 2022          Respectfully submitted,

5 |                                TRACY L. WILKISON
  |                                United States Attorney

6

7 |                                SCOTT M. GARRINGER
  |                                Assistant United States Attorney
  |                                Chief, Criminal Division

8

9 |                                     /s/
  |                                JULIE J. SHEMITZ

10 |                               Assistant United States Attorney

11 |                               Attorneys for Plaintiff
   |                               UNITED STATES OF AMERICA

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
**MEMORANDUM OF POINTS AND AUTHORITIES**

2
**I.   INTRODUCTION**

3
On January 20, 2022, defendant TIMOTHY CORNELL PATTERSON

4
("defendant") pleaded guilty to the one-count indictment in this

5
case, which charged him with a violation of 18 U.S.C. § 922(g), being

6
a felon in possession of a firearm.  The charge carries a maximum

7
sentence of ten years' imprisonment, a fine of $250,000, and a three-

8
year period of supervised release.

9
On March 21, 2022, the United States Probation Office filed its

10
Presentence Investigation Report ("PSR"), in which it calculated a

11
total offense level of 12 and determined that defendant falls within

12
Criminal History Category III.  The government agrees with the PSR's

13
offense level and criminal history category calculations, but

14
respectfully disagrees with the Probation Department's recommended

15
sentence as set forth below.

16
**II.   STATEMENT OF FACTS**

17
Defendant admitted the following facts in the plea agreement and

18
during his change of plea hearing:

19
On or about January 29, 2021 in Los Angeles County, within the

20
Central District of California, defendant knowingly possessed: (1) a

21
Glock Model 26 Gen 4, 9mm caliber pistol bearing serial number

22
UFN731; and (2) approximately 16 rounds of Speer 9mm caliber Luger

23
ammunition underneath the driver's seat of his Mercedes-Benz bearing

24
California license plate 8MMV115, which defendant was driving in

25
Culver City, California. The Glock pistol was manufactured outside

26
the State of California, specifically either internationally or in

27
Georgia, and therefore had been transported between a foreign nation

28
and the United States or from another state into California when the

1  pistol was found in defendant's possession. All of the ammunition

2  was manufactured outside the State of California, specifically in

3  either Idaho or Minnesota, and therefore had been transported from

4  another state into California at the time the ammunition was found in

5  defendant's possession.

6       In addition, at the time defendant knowingly possessed the

7  firearm and ammunition, he had been convicted of the following felony

8  offenses, each punishable by a term of imprisonment exceeding one

9  year: (1) Possession of Firearm by Convicted Felon, in violation of

10 California Penal Code Section 29800(a)(1), in the Superior Court of

11 the State of California, County of Sacramento, case number 14F01995,

12 on or about November 24, 2014; (2) Carrying a Loaded Firearm, in

13 violation of California Penal Code Section 12031(a), in the Superior

14 Court of the State of California, County of Sacramento, case number

15 08F09028, on or about January 28, 2009; (3) Sale of Marijuana, in

16 violation of California Health and Safety Code Section 11360(a), in

17 the Superior Court of the State of California, County of Sacramento,

18 case number 05F10640, on or about February 3, 2006; and (4)

19 Possession of Marijuana for Sale, in violation of California Health

20 and Safety Code Section 11359, in the Superior Court of the State of

21 California, County of Sacramento, case number 05F10640, on or about

22 February 3, 2006. At the time defendant knowingly possessed the

23 firearm and ammunition, defendant knew that he had been convicted of

24 each of these offenses and that each offense was punishable by a term

25 of imprisonment exceeding one year.

26      Applying the November 1, 2021 Guidelines, the PSR calculated

27 defendant's total offense level as 12.  This offense level resulted

28 from the following calculation:

- a base offense level of 14 pursuant to U.S.S.G § 2K2.1; and,

- a two-level reduction for acceptance of responsibility. (PSR ¶¶ 18-25.)

The PSR recommends a fine of $55,000, in accordance with defendant's clear ability to pay (PSR ¶¶ 84-95, 106). In addition, the PSR calculated that defendant's criminal history results in four criminal history points and a criminal history category of III.

The government concurs with the PSR's offense level and criminal history determinations. Accordingly, the advisory guidelines range is 15 to 21 months' imprisonment.

## III. ANALYSIS OF THE SECTION 3553(a) FACTORS

In accordance with the provisions of the plea agreement, the United States recommends that defendant be given an additional two-level downward variance in the sentencing guidelines range due to his service to the community as described in defendant's sentencing position and its attachments. This would result in a sentencing guidelines level of ten, and an advisory range of ten to 16 months' imprisonment. Therefore, the government recommends that defendant be sentenced to ten months' imprisonment, the low end of the guidelines range resulting from the application of the two-level downward variance, followed by three years of supervised release, a fine of $55,000, as recommended in the PSR based upon defendant's ability to pay, and payment of the special assessment of $100. This sentence is appropriate within the meaning of 18 U.S.C. § 3553(a), and would be "sufficient, but not greater than necessary," to comply with the purposes enumerated in 18 U.S.C. § 3553(a)(2).

1    The nature and circumstances of the crime of conviction and the

2    need to reflect the seriousness of the offense warrant a custodial

3    sentence.  Defendant has twice previously been convicted of the

4    offense for which he now faces sentencing.  Defendant appears not to

5    understand that, as a previously-convicted felon, he is prohibited by

6    law from possessing a firearm, regardless of whatever risks his

7    profession may entail.  He has so far served little time in custody

8    for these repeated offenses and it is clear that only a custodial

9    sentence will carry the message to both the defendant and to the

10   public that this crime is serious, and the prohibition against

11   possessing a firearm is just that – a prohibition.

12       Defendant's history and characteristics, and, in particular, his

13   voluntary service to the community, also support the government's

14   recommended sentence.  Defendant has sponsored several community

15   events and has donated his time and funds to support giveaways to

16   community members.  This is laudable but does not serve to exonerate

17   defendant of responsibility for the crime to which violation he has

18   pleaded guilty.  Nor does his background or upbringing.  As has been

19   made clear in defendant's submissions and in the Presentence Report,

20   defendant was raised and cared for in a loving, supportive home by

21   his grandmother, and cannot point to deprivation as a reason for

22   continuing to violate the clear strictures resulting from his prior

23   convictions.  Rather, defendant must serve some time in custody to

24   impress upon him the seriousness of the prohibition against

25   possessing a firearm.

26       Defendant does admit to a history of drug abuse and an inability

27   to maintain long-term sobriety.  (PSR ¶¶ 72-75).  He apparently only

28   stopped using marijuana because of the instant arrest and does not

1   believe that he needs treatment despite his admitted long-term

2   frequent use.  In fact, he was not able to stay off marijuana while

3   on pre-trial release, as evidenced by his confirmed December 15, 2021

4   positive drug test.  The government submits that, given defendant's

5   history of drug abuse from a young age (PSR ¶ 74), a program of

6   treatment and counseling for defendant's addiction is most definitely

7   needed, and that the criminal justice system owes it to defendant to

8   provide for his needs in this regard in accordance with

9   § 3553(a)(2)(D), which provides that the Court in imposing sentence

10  must consider the needs of the defendant for training, education,

11  and/or medical treatment.  A period of custody coupled with the

12  recommended three-year period of supervision will facilitate

13  defendant's continued sobriety and ability to participate in

14  appropriate treatment programs.

15      On balance, the government submits that its recommended sentence

16  of ten months' imprisonment at the low-end of the Guidelines range

17  that results from the application of a two-point downward variance in

18  consideration of defendant's community service, and the recommended

19  fine of $55,000, takes into account any mitigating factors, while

20  also taking into account the seriousness of the offense, the need to

21  protect the public from further crimes of defendant, and the need to

22  deter defendant from continuing to violate the prohibition against

23  his possession of a firearm.  The government's recommendation of

24  three years of supervised release accords with the need to provide

25  ongoing supervision to ensure that his drug treatment and

26  rehabilitation are successful and defendant does not commit the same

27  crime again.  The government's recommended sentence would also

28

1  promote respect for the law and provide just punishment for

2  defendant's conduct.

3  **IV.   CONCLUSION**

4       For all the foregoing reasons, the government submits that the

5  factors set forth in 18 U.S.C. § 3553(a) support the imposition of a

6  sentence of 10 months' imprisonment, a three-year term of supervised

7  release, a fine of $55,000, and a mandatory special assessment of

8  $100.