Stanley I. Greenberg (SBN 053649)
A Law Corporation
11845 West Olympic Boulevard, Suite 1000
Los Angeles, CA 90064
Telephone: (424) 248-6600
Facsimile: (424) 248-6601
Email: stanmanlaw@aol.com


Eugene P. Hanrahan (SBN 185826)
Sitkoff & Hanrahan
11845 West Olympic Boulevard, Suite 1000
Los Angeles, CA 90064
Telephone: (310) 213-8055
Facsimile: (310) 312-8227
Email: ghanrahan@formerdistrictattorneys.com

Attorneys for Defendant:
TIMOTHY PATTERSON

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>TIMOTHY CORNELL PATTERSON,<br><br>    Defendant. | Case No.  2:21-CR-00443-PA<br><br>**REPLY TO GOVERNMENT'S RESPONSE TO PROBATION REPORT AND SENTENCING POSITION OF DEFENDANT TIMOTHY PATTERSON**<br><br>DATE: April 25, 2022<br>TIME: 11 A.M. |

1

1       Defendant Timothy Patterson hereby replies in the attached Memorandum to

2

3 both the Supplemental Report by the Probation Department and the Government's

4 Amended Sentencing Position.

5 Dated: April 20, 2022          Respectfully Submitted,

6

7                     /s/ *Eugene Hanrahan*
                    Eugene Hanrahan

8                     Counsel for the Defendant

9

10                     /s/ *Stanley Greenberg*
                    Stanley Greenberg

11                     Counsel for the Defendant

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

29

30

## MEMORANDUM OF POINTS AND AUTHORITIES

We respond to address two issues: the proposed fine of $55,000 and the recommendation of a sentence of 10 months incarceration.

1.      The Proposed Fine

Both the Government and the Probation Department propose that the Court should impose a fine of $55,000.   This is a victimless crime.  No person, organization, or other legal entity lost a single dime.   In sum, this is an offense that really has nothing to do with any financial issues.  As such, we suggest imposition of that proposed fine does not really address the purposes of § 3553 (a).

However, if the Court is inclined to impose a fine (of any amount), we urge the Court to allow Mr. Patterson to contribute that amount of money to a charitable purpose, as approved by the Probation Department.  Realistically, what is the point of a substantial fine?  Depositing $55,000 (or any amount) into bottomless government coffers does not really benefit anyone.   We suggest it would make far more sense to direct a contribution to charitable causes that may well help other youthful members of the community to guide them towards a productive—and law abiding—life.

The Court is already aware that Mr. Patterson is active in that type of activity.  This suggestion would require he devote even more of his time and

3

money to increasing activities towards improving the lives of members of his community.  It would be a daily reminder of what he did wrong.

2.      The Proposed Incarceration of 10 months in prison

Nobody has suggested that Mr. Patterson presents a threat to any community or any person.  He has never harmed anyone; and a review of his criminal history confirms that.  We understand the argument that multiple incidents of the same violation may compel a prison term.  That might be true for someone who does not understand the ramifications of his conduct, or someone who promises to simply repeat his misconduct.  That is not Mr. Patterson.

We submit that is clear from the sentencing materials, and especially from his letter to the Court.  He is the devoted father of 2 young children and is awaiting the birth of a 3d.  That 3d child would be born during the period when he would be incarcerated if the Court imposes the recommended term.

At the risk of stating the obvious, as a society we are still dealing with overcrowded prisons.  And we are not yet out of the woods on Covid.  African-Americans continue to die at a disproportionate rate; and our crowded prisons contribute to that.  If Mr. Patterson represented some kind of real and genuine threat, we would understand the need for confinement.  But he does not.  That's proven by his performance while on bail for the past several months.  And that

performance is—without a doubt—the best indicator of what the Court can expect from him in the future.

We submit the far wiser alternative would be to clearly advise the defendant of whatever sentence the Court has in mind.   Then place him on probation with the understanding that if he violates this Court's trust, then he will be sent away as a violator.  The government recommends that he be required to undergo treatment for marijuana abuse and counseling.  We submit that type of supervision would be a far better—and wiser—use of community resources.   That way, the Court (and the P.O.) would have something to hang over his head, thereby providing a threatening encouragement.  This is a defendant who has truly "gotten the message," and desires to prove it to the Court and society.

Date: April 20, 2022                            Respectfully Submitted,

                                                                /s/ *Eugene Hanrahan*
                                                                Eugene Hanrahan
                                                                Counsel for the Defendant

                                                                /s/ *Stanley Greenberg*
                                                                Stanley Greenberg
                                                                Counsel for the Defendant